[No. 7056. Decided April 24, 1908.]

ARTHUR F. HEMENWAY, *Respondent*, v. WASHINGTON WATER POWER COMPANY, *Appellant*.[1]

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT. A verdict for $7,500 reduced by the trial court to $5,000, is excessive and a new trial will be granted on appeal unless all but $2,500 is remitted, where it appears that the plaintiff, an able-bodied carpenter thirty-two years of age, was injured in the groin in a street car collision, that he was confined to his bed more than a week, and up to the time of the trial, eight months thereafter, had been unable to work, continuously suffered pain, and could walk with difficulty, and one physician testified that his spine was permanently injured, but the great weight of the evidence indicated no permanent injury and the jury appears to have been influenced by passion or prejudice.

Appeal from a judgment of the superior court for Spokane county, Joiner, J., entered February 28, 1907, upon the verdict of a jury rendered in favor of the plaintiff, for $5,000 damages for personal injuries sustained by a passenger in a street car collision. Affirmed on condition of remitting $2,-500.

*H. M. Stephens*, for appellant.

*A. E. Barnes* and *Geo. A. Latimer*, for respondent.

[1] Reported in 95 Pac. 269.

Mount, J.—This is an action for personal injuries.  The case was tried to a jury.  A verdict was returned in favor of the plaintiff for $7,500.  Upon a motion for a new trial, the trial judge required the plaintiff to remit $2,500 from the verdict or submit to a new trial.  The plaintiff made the remission, and the judgment was thereupon entered for $5,000 in favor of the plaintiff.  The defendant appeals from that judgment.

The only question argued upon this appeal is that the judgment is excessive.  The evidence shows that the respondent was injured by the collision of two of appellant's street cars, upon one of which respondent was a passenger.  At the time of the collision, the respondent was standing on the rear of the car, and by the impact of the collision, was thrown against the seats, which struck him in the groin, and that he was thrown down upon the seats and into the aisle of the car; that the injury made him sick, and he was confined to his bed for more than a week; that up to the time of the trial, which occurred about eight months after the accident, he had not been able to work at his trade which was that of a carpenter. He had, however, been engaged in the real estate business for three or four months.  At the time of his injury respondent was a young man thirty-two years of age, and was employed at the rate of $3.60 per day.  Subsequently, wages were increased to $4 per day.  Prior to the injury he was a strong, able-bodied man, and since that time to the time of the trial he had continuously suffered pain and could walk with difficulty.  At the time of the injury and several times afterwards, he was examined by certain doctors, none of whom were able to find any bruises or objective evidences of injuries upon his person.

It was the theory of the plaintiff that he received an injury to his spinal cord, which would be permanent.  One of the doctors, called by him as a witness, testified at the trial that, in his opinion, the injury was to the spinal cord, and that the injuries would remain permanently.  Several other

doctors, who examined the respondent carefully several times, testified that there was no permanent injury and no evidences of injury to the spinal cord.   We have examined the evidence carefully and are of the opinion that the great weight thereof indicates that there is no permanent injury to the respondent. The size of the verdict returned by the jury would seem to indicate that they might·have found that the respondent was . permanently injured.   But whether so or not, the trial judge was of the opinion that the verdict was excessive, and in that opinion we concur.   If there were no permanent injuries caused to respondent by the collision, it seems clear to us that $5,000 is still excessive, and that one-half of this amount would be a liberal compensation for the injuries which he has suffered.   So large a verdict as the one returned by the jury upon the facts in evidence in this case indicates to us that the jury were influenced by passion or prejudice, and that either a new trial should be granted or we should reduce the amount of the verdict to what seems to us a fair amount.

·The judgment appealed from will therefore be reversed and a new trial granted, unless the respondent, within thirty days after the remittitur is filed below, shall file a remission of $2,500 from the judgment entered, and agree to a judgment for $2,500, in which event the judgment will stand affirmed for that amount; appellant to recover costs on this appeal.

ROOT, FULLERTON, and CROW, JJ., concur.